No. 20,460.

JOHN H. ANDERSON, *Appellant*, v. THE KNIGHTS AND LADIES OF SECURITY, *Appellee*.

SYLLABUS BY THE COURT.

1. FRATERNAL INSURANCE — *Nonpayment of Assessments — Neglect of Member.* The evidence held to support findings that the failure to pay assessments to a fraternal beneficiary association was due to the neglect of the member.

2. SAME — *Instructions — Findings — Inconsistency.* Instructions which are claimed to be inconsistent with the findings are held to have been so explained and modified by other instructions as to avoid any conflict.

3. SAME—*Independent Club Formed—Protection of Members against Nonpayment of Dues—Dues Not Paid—Policy Forfeited.* Where some of the members of a local lodge of a fraternal beneficiary association voluntarily form a club for the purpose of protecting one another against suspension for nonpayment of dues, reliance on the action of the club will not excuse the default of a member in the payment of his assessments, where the club is really a separate and independent organization, notwithstanding it has been maintained with the knowledge and encouragement of the officers of the association.

4. SAME. Findings of fact examined and found not to be in substantial conflict.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed November 10, 1917. Affirmed.

*John W. Adams, George W. Adams, S. S. Hawks,* and *T. V. McCluggage,* all of Wichita, for the appellant.

*Kos Harris,* and *V. Harris,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.: Tillie Anderson held a certificate in the Knights and Ladies of Security, a fraternal beneficiary association. She died in November, 1913, and her husband, the beneficiary named in the certificate, brought an action upon it. Payment was resisted on the ground that the dues for September and October, 1913, had not been paid, such omission effecting an automatic suspension from membership. The plaintiff relied upon facts claimed to constitute an excuse for nonpayment. A jury returned a verdict for the defendant, upon which judgment was rendered: The plaintiff appeals.

It was shown that an organization existed, formed by about fifteen per cent of the members of the local council (lodge), called the "Security Club," its purpose being, upon certain conditions, to pay the association dues of any of its members who, through inadvertence or from any other cause, should omit to make payment themselves. It is not contended that the association dues for September and October were paid, but the plaintiff asserts that his wife, from the course of conduct in the past, had a right to rely upon the payment being made by the Security Club, and that the relations between the club and the association were such that the misfeasance of the former in this regard was chargeable to the latter. The jury evidently decided against the plaintiff on both propositions, for in answer to special questions they found that Mrs. Anderson did not have reason to believe and did not believe that her dues would be paid by the Security Club, and that the association had nothing to do with the organization of the club. Either of these findings is sufficient to require an affirmance of the judgment, unless it is shown to have been affected by some material error.

1. While considerable testimony was given directly to the contrary, there was some evidence tending to show these facts, which must therefore be regarded as established: The by-laws of the Security Club, which were frequently read at its meetings, provided that where one month's dues of a member should be paid by the club, he should not be entitled to further benefit until he should repay the amount, with a reinstatement fee, although his dues for a second month might be paid by

the club, but only on request. These rules were uniformly adhered to in practice. Mrs. Anderson failed to pay her dues for May, 1913, and the club paid them for her. She did not reimburse it for the payment, nor did she request that the club pay anything more on her account. She planned to make the September payment herself, but failed to do so. A part of the evidence might have justified a finding that the club by treating its members more liberally than the by-laws required —by making payments for members who were more than one month in default—had established a course of conduct justifying them, as far as it was concerned, in relying upon payments being made for more than one month. But the special findings were to the effect that no more than two payments had ever been made for any member in arrears, and this was consistent with the by-laws, where a request was made for the second payment.

2. The judgment might therefore be affirmed, even if it should be assumed that the association was responsible for the action of the Security Club. But the plaintiff contends that the verdict and findings show such a disregard of a part of the instructions as to require a new trial, on the ground that they prove the jury could not have given proper consideration to the case, within the rule" applied in *Dodson v. Moran,* ante, p. 592, decided at this session. Two of the instructions, taken by themselves, seem to indicate that (1) if the association or its officers recognized the Security Club, and affirmed its methods, this would effect a waiver of the by-law providing for automatic suspension for nonpayment of dues, and require notice to be given, and (2) that if officers of the association knew of the operations of the club and participated in them, and Mrs. Anderson relied in good faith upon the club to pay her dues for September and October, no suspension resulted. If construed in this way these instructions would doubtless have required a different result, and, although they may have been too favorable to the plaintiff, he has a right to insist that the jury should observe the rules laid down by the court. But the jury doubtless sought to harmonize this part of the charge with the rest of it, as they were bound to do, and concluded, upon proper grounds, that the language referred to was explained and modified by that else-

where used. In other paragraphs of the instructions the jury were told, in effect, that if the Security Club was voluntarily formed by a part of the members of the local council, its acts would not be binding on the association; that to avail anything to the plaintiff the association must have looked to the club for the payment of dues; and that if the club was formed, under rules made by its members, simply to enable them to assist one another in paying their assessments, and was not connected with the local council or the association, then its acts could not effect a waiver of the by-law requiring the prompt payment of dues. We think these instructions so explain and modify the others as to avoid any conflict with the verdict or findings.

3. These explanatory instructions are attacked as presenting an erroneous view of the law. We think, however, that they are essentially sound. They amount to a declaration that where a part of the members of a local lodge of a mutual beneficiary association voluntarily form a club for the purpose of protecting one another against suspension for nonpayment of dues, reliance on the action of the club will not excuse the default of a member in the payment of his assessments, where the club is really a separate and independent organization, notwithstanding it has been maintained with the knowledge and encouragement of officers of the association. The purpose of such an organization is obvious and readily understood. It seems unobjectionable in itself and not readily open to abuse. Where it is optional with members of the lodge to avail themselves of its benefits, or to disregard it altogether, the rule that they should rely upon its performance of its obligations at their own risk seems neither harsh nor unnatural.

4. Complaint is made that the various findings were in conflict with each other. On the one hand, the jury found that the association did not authorize the formation of the club, and that neither the association nor the local council had anything to do with its organization; and on the other hand, that the officers and agents of the association assisted in organizing it, and knew its purpose and workings. The findings are, of course, to be so interpreted as to be consistent with each other if that is possible, and we think there is no necessary conflict here. The net effect of the jury's report seems to be

that the club was a distinct an'd independent union of a part of the members of the council for their mutual benefit, formed with the knowledge and encouragement of officers of the association, but not "authorized" by it in the sense of being in any way under its control or authority.

The judgment is affirmed.